IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES M. COMSTOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1044-N-BN |
| | § | |
| NEXBANK SSB, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Defendant NexBank SSB moves to dismiss Plaintiff Charles M. Comstock's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 9. Comstock has filed a response. *See* Dkt. No. 11. But no reply brief has been filed, and the deadline to do so has passed.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to the extent that the complaint should be dismissed for failure to state a claim upon which relief may be granted without prejudice to Comstock's filing an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief and his properly serving that amended complaint on all defendants.

**Applicable Background**

Comstock, who is proceeding *pro se* but not *in forma pauperis* (as he filed the $400.00 filing fee to initiate this action), brings claims against Defendants NexBank, Brad Kitchens (an attorney), and Ken Molberg (a state trial judge), alleging that Defendants "collectively attempted to violate [his] rights and deprive [him] of my property without due process of law." Dkt. No. 3 at 2. The complaint is long on legal citations but short on factual allegations. But Comstock does allege, in the complaint's conclusion, that

> a foreclosure [suit was filed] against [him]. All i required from them[ – possibly NexBank or Defendants, collectively – ]was a witness, and a receipt. As a man it is my wish to do the right thing, and that would require paying any lawful debt i owe. The lawyer and the court completely ignored everything I had to say, and chose to do business as usual. The Supreme Court has allowed for redress.

*Id.* at 13.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure

"do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). While pleadings in this context include attachments to the complaint, *see Katrina*, 495 F.3d at 205 (5th Cir. 2007), documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "[D]ocuments are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone*

*Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But a court "may not incorporate [ ] into the complaint ... a document referenced in the plaintiff's complaint [that] is merely evidence of an element of the plaintiff's claim." *Id.*

And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008), such as adjudicative facts apparent from state court records, *see Land v. Stone*, No 3:10-cv-981-B-BK, 2010 WL 5538413, at *4 (N.D. Tex. Dec. 14, 2010) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *see also* FED. R. EVID. 201.

In addition, "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

Although Comstock's factual allegations are sparse, it is plausible that, through this federal action, he is attacking the decision of a state court in Dallas County.

Exhibit A to NexBank's motion to dismiss is a January 5, 2017 order granting its application for expedited foreclosure under Texas Rule of Civil Procedure 736, entered by Judge Molberg in cause number DC-16-07815, at least then-pending in the 95th Judicial District Court in Dallas County. *See* Dkt. No. 9-1 (the "Rule 736 Order"). While the Court cannot take judicial notice of the legal determinations apparent in this order, *see Taylor*, 162 F.3d at 831, it is proper to note the existence of the state action and how that action plausibly relates to the claims Comstock brings before this Court.

As NexBank points out in its motion, *see* Dkt. No. 9 at 4-6, Comstock's perceived collateral attack of the Rule 736 Order triggers consideration of the *Rooker-Feldman* doctrine, under which a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters*

*Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017) (per curiam) (summarizing the doctrine and its applicability to cases in which a plaintiff's claims "assert as a legal wrong" or "invite direct review and rejection of" a state court's decision); *id.* ("To determine if *Rooker-Feldman* applies, courts look to the source of the federal plaintiff's alleged injury and what the federal court is being asked to review and reject. Review is barred if a claim 'asserts as a legal wrong an allegedly erroneous decision by a state court' and requires the court to review and reject the state court's decision." (citing and quoting *Truong*, 717 F.3d at 382-83 (quoting, in turn, *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)); internal quotation marks omitted)).

To the extent that Comstock is challenging the Rule 736 Order, "[a] cursory analysis might suggest that the *Rooker-Feldman* doctrine precludes federal court review of [Comstock's] claims." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 387 (5th Cir. 2017). He is a

> (1) state court loser[] (with respect to the [Rule 736] Order), (2) alleging [he was] harmed by the [Rule 736] Order, (3) which was rendered before the district court proceedings began, and (4) requesting that a federal court review the issuance of the [Rule 736] Order and effectively overrule the state trial court's decision.

*Id.* (citations omitted).

But "[a] Rule 736 proceeding is not 'an ordinary lawsuit,' but rather 'a faster, more streamlined alternative to judicial foreclosure.'" *Id.* at 383 (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App. – Houston [1st Dist.] 2011, no pet.)). For example, for purposes of applying *Rooker-Feldman*, "[a] Rule 736 order 'is

without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding,'" *id.* (quoting TEX. R. CIV. P. 736.9), and "'*[a]ny challenge* to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction,'" *id.* (quoting TEX. R. CIV. P. 736.8(c); emphasis added by *Burciaga*).

In *Burciaga*, the United States Court of Appeals for the Fifth Circuit concluded that these peculiar aspects of Rule 736 prevented application of the *Rooker-Feldman* doctrine to a lawsuit seeking federal-court review of a foreclosure order entered under Rule 736.1, *see id.* at 382, 387-88, after observing that the doctrine is generally not applied "'to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel,'" *id.* at 387 (quoting *Del-Ray Battery Co v. Douglas Battery Co.*, 635 F.3d 725, 730 (5th Cir. 2011)), and that, "[i]ndeed, Texas law specifically allows for collateral attacks on Rule 736 foreclosure orders in 'a court of competent jurisdiction,'" *id.* (citation omitted); *see also Reyna v. Deutsche Bank Nat'l Tr. Co.*, 892 F. Supp. 2d 829, 832 (W.D. Tex. 2012) ("Based on the explicit language of Rule 736, the Court finds the Home Equity Foreclosure Order does not constitute a final state court judgment as contemplated under the *Rooker-Feldman* doctrine." (cited in *Burciaga*)).

Nevertheless, the meager facts alleged by Comstock amount to no "more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, which is not enough to state a plausible claim. And, as the undersigned observed in another action filed by Comstock that he also initiated through a complaint long on the law and short on the

-8-

facts, "the Court should not attempt to shoehorn [his] facts into the labeled causes of action set out in his complaint, because '[t]he burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.'" *Comstock v. City of Balch Springs*, No. 3:17-cv-344-B, 2017 WL 2791113, at *4 (N.D. Tex. May 18, 2017) (quoting *Robbins v. State of Oklahoma ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting, in turn, *Twombly*, 550 U.S. at 556)), *rec. accepted*, 2017 WL 2778117 (N.D. Tex. June 26, 2017).

NexBank's motion to dismiss should therefore be granted to the extent that it seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Dkt. No. 9 at 3-4.

Relatedly, although neither Kitchens nor Molberg have moved to dismiss Comstock's complaint, because the complaint does not distinguish which actions are asserted against which defendants, any claims against them are indistinguishable from the claims against NexBank. Therefore, because the undersigned finds that Comstock fails to allege any plausible cause of action against any defendant, the Court may *sua sponte* dismiss his claims against Kitchens and Molberg on its own motion under Rule 12(b)(6) for failure to state a claim as long as Comstock has notice of the intention to dismiss and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The 14-day time frame for filing objections to these recommended dismissals provides Comstock with notice and an opportunity to respond. *See, e.g., Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 3:12-cv-2054-M, 2013 WL 664687, at *4 n.6 (N.D. Tex. Jan. 22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25,

2013); *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 585598, at *10 (N.D. Tex. Feb. 11, 2015).

## Recommendation

The Court should grant Defendant NexBank SSB's motion to dismiss [Dkt. No. 9] to the extent that – as to all defendants named in the complaint – Plaintiff Charles M. Comstock has failed to state a claim upon which relief may be granted but also allow Comstock leave to, within a reasonable amount of time to be set by the Court, (1) file an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief and (2) properly serve that amended complaint on all defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE