IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES M. COMSTOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1044-N-BN |
| | § | |
| NEXBANK SSB, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case filed by a *pro se* plaintiff has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

**Applicable Background**

As allowed by the Court, Plaintiff Charles M. Comstock, who, although proceeding *pro se*, paid the statutory filing fee, filed an amended complaint on March 8, 2018, after the dismissal without prejudice of his initial complaint for failure to state a claim. *See* Dkt. No. 18; *see also* Dkt. Nos. 14 & 17.

And, on March 16, 2018, the Court entered an order notifying Mr. Comstock that he

-1-

must serve each defendant with a summons and his amended complaint [Dkt. No. 18] in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(c), 4(e), & 4(h) (setting forth procedures for serving defendants that are individuals in the United States and that are corporations, partnerships, or associations). That is, he must serve each defendant in compliance with, as applicable, Rules 4(c), 4(e), or 4(h) and file proofs of service with the Court in accordance with Rule 4(*l*).

Dkt. No. 19 at 1.

The Court further advised Mr. Comstock

that if proper service is not made before the 90th day after the filing of the amended complaint (which occurred on March 8, 2018) that is not a Saturday, Sunday, or legal holiday – which, here, will be **June 6, 2018** – this case is subject to dismissal without prejudice unless he shows good cause for his failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period.

*Id.* at 1-2 (citing FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b); emphasis in original).

On June 14, 2018, the Court entered a show cause order in part providing that

[b]ecause that June 6 deadline has passed without Mr. Comstock filing proofs of service, the Court ORDERS Mr. Comstock to file a response to this order no later than **July 16, 2018** to explain why service as to the amended complaint has not been perfected and properly proven to the Court. His failure to take these actions in a timely manner may be excused – and the deadline to serve his amended complaint and file proper proofs of service may be extended – only upon a sufficient showing of good cause. That is, Mr. Comstock's response to this order must explain how he attempted to comply with the Court's previous order by the applicable deadline (or by March 8, 2018).

The Court also CAUTIONS Mr. Comstock that, if he fails to file a sufficient response by **July 16, 2018**, the undersigned will recommend that his lawsuit be dismissed without prejudice for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).

Dkt. No. 20 at 2.

On June 26, 2018, Mr. Comstok filed a document titled a Writ of Quo Warranto

that does not at all explain how he attempted to comply with the Court's orders

-2-

regarding service of the amended complaint. *See* Dkt. No. 21.

## Legal Standards and Analysis

<u>Rule 4(m)</u>

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Mr. Comstock has failed to properly effect service within 90 days of filing the amended complaint, and because the Court has twice explicitly notified Mr. Comstock that the failure to do so will subject the amended complaint to dismissal under Rule 4(m), *see* Dkt. Nos. 19 & 20, the Court should dismiss this action without prejudice under Rule 4(m).

<u>Rule 41(b)</u>

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v.*

*Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). And the same rule authorizes a district court to "*sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions

would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's orders regarding service of process, Mr. Comstock has prevented this action from proceeding. He has therefore failed to prosecute this lawsuit and obey the Court's orders. A Rule 41(b) dismissal of this action without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Mr. Comstock decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

-5-

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 19, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE